UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID M. SIMPKINS, *et al.*,

      *Plaintiffs*,

   v.

STATE OF TENNESSEE, *et al.*,

      *Defendants*.

Civil Action No. 25-04566 (AHA)

**Memorandum Opinion**

David M. Simpkins and Sally E. Simpkins have filed a complaint indicating their intent to sue various state and federal actors, which appear to include the State of Tennessee, courts and judicial officers in Tennessee, and law enforcement agencies. The complaint appears to assert claims related to three lawsuits: one the plaintiffs brought in state court, against the builders of their home; one the plaintiffs brought in a Tennessee federal district court; and a state criminal prosecution against David Simpkins. For the reasons below, the court dismisses the complaint in its entirety.

**I.   Background**

Based on the pleadings filed, it appears the plaintiffs sued a construction company in Williamson County Chancery Court, in Tennessee, asserting claims related to the construction of their home. ECF No. 1-4 at 1–2. After the chancery court dismissed the case, the plaintiffs appealed to the Tennessee Court of Appeals, which affirmed the dismissal of some claims, vacated the dismissal of others, and remanded the surviving claims. *Id.* at 1. The chancery court appears to have dismissed the case on remand. *See* ECF No. 1 ¶ 23; *see also* ECF No. 4-1. The complaint

also references a case that the plaintiffs brought in the U.S. District Court for the Middle District of Tennessee, which appears to have been dismissed. *See* ECF No. 1 ¶¶ 15–18; ECF No. 4. The nature of that lawsuit is unclear from the pleadings. Finally, the complaint references a Tennessee state criminal proceeding against David Simpkins. *See* ECF No. 1-1 at 9–14. The nature of that proceeding is also unclear from the complaint, but some of the plaintiffs' filings suggest it may stem from David Simpkins' alleged violation of a protective order. *See* ECF Nos. 1-12, 1-13.

## II.   Discussion

The court concludes that the plaintiffs' case must be dismissed for failure to satisfy Federal Rule of Civil Procedure 8 and because, as far as the court can tell, the plaintiffs seek review of the proceedings of other courts, which this court cannot do.

The federal rules require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This ensures the defendant has "notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). A court may dismiss a complaint that fails to meet these requirements upon motion or on its own accord. *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) ("Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules."); *Dali v. Walter Reed Nat'l Mil. Med. Ctr.*, No. 24-cv-3313, 2025 WL 326575, at *1 (D.D.C. Jan. 29, 2025) (observing that dismissals under Rule 8(a) "may be ordered on motion or *sua sponte* by the court").

In cases like this involving an unrepresented or "pro se" litigant, the court is careful to give extra leeway. The court evaluates the complaint "in light of all filings." *Ho v. Garland*, 106 F.4th

47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). Of course, an unrepresented plaintiff still "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (quotation marks omitted) (quoting *Atherton v. District of Columbia*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)). While "detailed factual allegations" are not necessary, the plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

The plaintiffs' allegations fail to provide the defendants with notice of the claims against them. The complaint appears to assert 183 counts against the defendants, attaching a table that simply lists the "Actor(s)," the "Law Violated," and the alleged "Unlawful Act" for each count. *See* ECF No. 1-3. Each count provides minimal information—for example, count five states that "Law Enforcement" violated the "Fourth Amendment" by committing an "Unlawful transport to jail," with no further explanation. *Id.* at 1. These cursory assertions, which do not even identify a specific defendant, fail to give any defendant "notice of what the claim is and the grounds upon which it rests." Some sections of the complaint provide slightly more detailed descriptions—stating, for example, that on "September 22, 2022, Appellate Court Clerk Elizabeth admitted on a recorded call that the Mandate was intentionally withheld to coordinate with opposing counsel's filings." ECF No. 1 ¶ 20. But even these allegations, most of which are still too vague to give a clear account of what happened, contain no meaningful explanation of any legal basis for relief. The plaintiffs' complaint accordingly fails to provide the "short and plain statement" required by Rule 8.[1]

---

[1] The plaintiffs attach numerous documents to their complaint including judgments of other courts, a complaint submitted to federal law enforcement, and filings in other proceedings. *See*

The plaintiffs' claims are also problematic because "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may hear only those cases authorized by an act of Congress or the Constitution. *Id*. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). And "[w]hen a court lacks subject matter jurisdiction, it must dismiss the case." *Auster v. Ghana Airways Ltd.*, 514 F.3d 44, 48 (D.C. Cir. 2008) (citing Fed. R. Civ. P. 12(h)(3)). Here, any possible claims that might be asserted by the complaint appear to seek review of other state or federal court proceedings. This court has neither subject matter jurisdiction to review such claims, nor the authority to interfere with such proceedings.

First, to the extent the plaintiffs' claims seek relief from decisions of the Tennessee chancery court, this court does not have subject matter jurisdiction to consider them. Under the *Rooker-Feldman* doctrine, federal district courts may not hear "cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). This prevents federal courts from considering issues that are "so inextricably intertwined with a state court decision that the district court is in essence being called upon to review the state-court decision." *Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (quotation marks and citation omitted). Federal jurisdiction is barred even when the plaintiff claims "that the state judgment itself violates the [plaintiff's] federal rights." *Johnson v. De Grandy*, 512

---

ECF Nos. 1-4–1-18, 1-20. However, unexplained attachments cannot cure a complaint's deficiencies. *See Nichols v. Vilsack*, No. 13-cv-01502, 2015 WL 9581799, at *1 (D.D.C. Dec. 30, 2015) (observing that even in pro se cases, "courts are not responsible for hunting through the record in search of material potentially helpful to a party's case," and "where undifferentiated documents are submitted along with a complaint that is itself lacking in detail, asking the Court to comb through the attachments to discern the substance of the plaintiff's claims . . . risks denying the defendant fair notice and an opportunity to respond to identifiable allegations of wrongdoing").

4

U.S. 997, 1005–1006 (1994). Here, the complaint appears to request relief from an adverse judgment of the Tennessee chancery court, which the plaintiffs argue failed to follow the directives of the state appellate court. *See* ECF No. 1 ¶¶ 23–26; ECF No. 4-1. To the extent the plaintiffs' claims ask this court to review the propriety of the chancery court's decision (or the state appellate court's decision), they are barred by *Rooker-Feldman*.

Second, to the extent the plaintiffs' claims seek review of proceedings in the U.S. District Court for the Middle District of Tennessee, this court does not have jurisdiction to consider them. "A federal district court lacks jurisdiction to review decisions of other federal courts." *Klayman v. Rao*, 49 F.4th 550, 552 (D.C. Cir. 2022) (citation omitted). Here, a federal district court in Tennessee appears to have dismissed the plaintiffs' case, yet the plaintiffs continued filing documents after that dismissal. *See* ECF No. 4; ECF No. 1-11. The complaint alleges these filings should be docketed and requests "cessation of all acts suppressing Plaintiffs' access to courts." ECF No. 1-1 at 14; *see* ECF No. 1 ¶¶ 15–18, 27–32. To the extent these claims ask this court to review actions of another federal district court, they are beyond this court's jurisdiction.

Finally, to the extent the plaintiffs ask this court to enjoin ongoing state criminal proceedings, this court lacks authority to do so. Under the *Younger* doctrine, "federal courts should not enjoin pending state criminal proceedings absent extraordinary circumstances." *JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1126 (D.C. Cir. 2004); *see also Younger v. Harris*, 401 U.S. 37 (1971). Here, the plaintiffs appear to challenge the basis of a criminal proceeding in the General Sessions Court in Tennessee and ask this court to "[e]njoin all criminal proceedings derived from void process and used to obstruct civil enforcement." ECF No. 1 at 10; ECF No. 1-1 at 14. But the plaintiffs' allegations provide no meaningful basis on which this court might take the extraordinary measure of enjoining a state criminal proceeding.

Because the complaint fails to comply with Rule 8 and the types of claims asserted appear to be beyond this court's authority, the court dismisses the case in its entirety.

### III.     Conclusion

For these reasons, the plaintiffs' complaint is dismissed without prejudice.

A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   January 14, 2026